JAY CLAYTON
United States Attorney for the
Southern District of New York
By:  TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Email: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　　　　　　　Defendant. | 25 Civ. 4199 (CM)<br><br>**ANSWER OF DEFENDANT** |

Defendant the United States Department of Justice ("DOJ" or "Defendant"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiffs The New York Times Company and Charlie Savage ("Plaintiffs") upon information and belief as follows:

1.　　Paragraph 1 constitutes Plaintiffs' characterization of their claims in this lawsuit, to which no response is required. To the extent Paragraph 1 contains factual allegations to which a response is required, Defendant avers that this action purports to be brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

## PARTIES[1]

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations in paragraph 4 constitute conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 constitutes conclusions of law, to which no response is required.

6. Paragraph 6 constitutes conclusions of law, to which no response is required.

7. Paragraph 7 constitutes Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(A)(i), to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory provision cited in Paragraph 7 for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize its true contents.

8. Paragraph 8 constitutes Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(C)(i), to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory provision cited in Paragraph 8 for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize their true contents.

---

[1] For convenience, section headings of the complaint are included, but they are not part of Defendant's response to the complaint.

9. Paragraph 9 constitutes conclusions of law, to which no response is required.

**FACTS**

10. Paragraph 10 constitutes Plaintiffs' characterization of a Supreme Court decision, to which no response is required. To the extent Paragraph 10 contains factual allegations to which a response is required, Defendant respectfully refers the Court to the Supreme Court decision described in Paragraph 10 for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize its contents.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Paragraph 12 constitutes Plaintiffs' characterization of an Executive Order, to which no response is required. To the extent Paragraph 12 contains factual allegations to which a response is required, Defendant respectfully refers the Court to the Executive Order described in Paragraph 12 for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Executive Order's contents.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Defendant admits that DOJ's Office of Information Policy ("OIP") received a FOIA request from Plaintiffs dated March 20, 2025 (the "FOIA Request"), and assigned it tracking number FOIA-2025-03427. The remainder of Paragraph 15 constitutes Plaintiffs' quotations from the FOIA Request, to which no response is required. To the extent the remainder of Paragraph 15 contains factual allegations to which a response is required, Defendant respectfully refers the Court

to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the quotations from the FOIA Request.

16. Defendant admits that OIP has not issued a final response to Plaintiffs' FOIA Request, but denies that Plaintiffs have not received any communication from DOJ regarding its request. Defendant further avers that OIP sent a letter acknowledging receipt of Plaintiffs' FOIA Request on March 21, 2025.

## CAUSE OF ACTION

17. Defendant repeats each and every response set forth herein to the allegations in Paragraphs 1–16 of the Complaint.

18. Defendant admits that the Department of Justice is an agency subject to FOIA. The remainder of Paragraph 18 constitutes conclusions of law, to which no response is required.

19. Defendant admits that it did not issue a final determination regarding Plaintiffs' FOIA Request. The remainder of Paragraph 19 constitutes conclusions of law, to which no response is required.

20. Paragraph 20 constitutes conclusions of law, to which no response is required.

21. Paragraph 21 constitutes conclusions of law, to which no response is required.

22. Paragraph 22 constitutes conclusions of law to which no response is required.

## REQUEST FOR RELIEF

Paragraphs 1–4 contain Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby

denied. For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

The information requested in Plaintiffs' FOIA Request is exempt as applicable, in whole or in part under the FOIA. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

\* \* \*

Defendant may have additional defenses that are presently unknown but may be ascertained at a later time. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses pursuant to Federal Rules of Civil Procedure 8 and 12.

Dated: New York, New York
       June 23, 2025

                                       Respectfully submitted,

                                       JAY CLAYTON
                                       United States Attorney
                                       Southern District of New York

By:    */s/ Tomoko Onozawa*
        TOMOKO ONOZAWA
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2721
        E-mail: tomoko.onozawa@usdoj.gov